IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brayan Ramirez Acevedo, | ) | C/A No.: 1:13-2758-JMC-SVH |
| Petitioner, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Immigration and Customs Enforcement, | ) ) ) | |
| Respondent. | ) ) | |

Brayan Ramirez Acevedo ("Petitioner"), a pretrial detainee at the Greenville County Detention Center, has submitted this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring respondent to file an answer.

I.     Factual and Procedural Background

Petitioner indicates that he is currently detained on a state charge of "attempt murder/high & aggravated." [Entry #1 at 3]. Petitioner further states that United States Immigration and Customs Enforcement ("ICE") has placed a hold on him. *Id.* at 8. Petitioner complains that the hold prevents him from posting bail in state court. *Id.* Petitioner asks this court to "suspend the ICE hold without prejudice to Immigration Customs and Enforcement being able to reinstate if the defendant is proven guilty of any aggravated felonies." *Id.* at 9.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B. Analysis

1. ICE detainer challenge

Petitioner seeks to challenge an "ICE hold." [Entry #1 at 7–8]. Federal courts may entertain an application for habeas relief if a prisoner is "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(1), (3). "The prevailing view among courts in the Fourth Circuit is that a plaintiff raising a habeas claim concerning the issue of deportability must be in INS [Immigration and Naturalization Service] custody" and "an immigration detainer does not subject a prisoner to INS custody." *Ogunde v. Holder*, C/A No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D. Va. Oct. 1, 2013). In the present action, Petitioner alleges the issuance of an ICE detainer upon his arrest and placement in state custody for a state criminal offense. [Entry #1 at 8]. As the filing of an ICE detainer does not subject a prisoner to INS custody, Petitioner cannot meet the "in custody" requirement to challenge his ICE detainer under § 2241. *See Richard v. Immigration and Naturalization Servs.*, C/A No. 0:11-1508-JFA-PJG, 2011 WL 5876916, at *1 (D.S.C. Nov. 22, 2011) (holding that a challenge to an ICE detainer based on prisoner's inability to make bond was subject to summary dismissal because "the lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241"); *see also Sewell v. Stephens*, C/A No. 5:10-HC-2247-FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.") (citing

3

*Blackwell v. Cross*, C/A No. 2:08-cv123, 2009 WL 2877245, at *6 (N.D.W. Va. Sept. 3, 2009). Therefore, the instant habeas petition is subject to summary dismissal.

        2.      Removal order challenge

Petitioner does not indicate that removal proceedings have been initiated by the INS in this case. However, to the extent Petitioner may be challenging a removal order, the REAL ID Act of 2005 ("Act"), Pub. L. No. 109-13, 119 Stat. 231 (2005), eliminated access to habeas corpus for purposes of challenging a removal order. *See Jahed v. Acri*, 468 F.3d 230, 233 (4th Cir. 2006). Instead, the Act vests sole jurisdiction over petitions challenging removal orders in the United States appellate courts:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.[2]

8 U.S.C. § 1252(a)(5). As this court does not have jurisdiction to consider a challenge to a removal order, s*ee Dragenice v. Gonzales*, 470 F.3d 183, 186 (4th Cir. 2006), any such claim raised by Petitioner is subject to summary dismissal.

---

[2] Under 8 U.S.C. § 1252(e)(2), habeas review is limited to "determinations of — (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under section [8 U.S.C. § 1225(b)(1)], and (C) whether petitioner can prove by a preponderance of the evidence that petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title . . . ." In the instant action, Petitioner does not demonstrate that any of these determinations have been made; therefore, the statutory exception for habeas review is not applicable in this case.

III.     Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 30, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).